UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------------- X
ERIC MEINDL and ANTHONY NEGRON, on behalf of         :
themselves and all others similarly situated,                        :    Case No.  16 Civ. 5894
                                                                                        :
                                                  Plaintiffs,             :    CLASS AND COLLECTIVE
                   - against -                                           :    ACTION COMPLAINT
                                                                                        :
MOBILTY CENTER, INC. d/b/a I FIX SCREENS,        :
IZZMATIC INNOVATIONS LLC d/b/a I FIX SCREENS,  :
I FIX SCREENS ASTORIA BLVD, LLC, I FIX SCREENS  :
GREAT NECK, LLC, I FIX SCREENS NYC, LLC, I FIX    :
SCREENS FLORIDA, INC., KAMRAN FAISAL AND        :
ABED ZIADA.                                                            :
                                                                                        :
                                                  Defendants.        :
------------------------------------------------------------------------- X

Plaintiffs Eric Meindl and Anthony Negron (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated, by and through their attorneys Shulman Kessler LLP, complaining of Defendants Mobility Center, Inc. d/b/a I Fix Screens, Izzmatic Innovations, LLC d/b/a I Fix Screens, I Fix Screens Great Neck, LLC,  I Fix Screens Astoria Blvd, LLC, I Fix Screens NYC, LLC, I Fix Screens Florida, Inc. (collectively, the "Corporate Defendants"), Kamran Faisal, and Abed Ziada (together with the Corporate Defendants, "Defendants") allege as follows:

**INTRODUCTION**

1.      This is a class and collective action brought on behalf of Defendants' current and former cell phone repair technicians.  Plaintiffs bring this action to seek redress against Defendants for class-wide unpaid wages, unpaid minimum wages, unpaid overtime, unlawful deductions, and notice and record-keeping violations, in connection with Defendants' cell phone repair business.

1

2.      Defendants operate a cell phone repair business doing business as "I Fix Screens" and are a single integrated enterprise that consists of 32 stores and kiosks throughout the States of New York and Florida.

3.      Defendants have a policy of failing to pay wages to Plaintiffs and class members for mandatory meetings and training.

4.      Defendants have a widespread practice of punishing its cell phone repair technicians, including Plaintiffs, by deducting money from their earned wages, as a way to discipline them employees for minor infractions.

5.       Defendants failed to pay Plaintiffs and class members' overtime pay for all hours worked over forty per workweek.

6.      Defendants paid Plaintiffs and New York class members through personal checks in violation of wage statement requirements under New York Labor Law. Defendants also failed to provide required wage notices at time of hire to Plaintiff and class members in violation of New York Labor law.

7.      Defendants unlawfully terminated Plaintiff Eric Meindl for complaining about his rights under the Fair Labor Standards Act and the New York Labor law.

8.      Plaintiffs Eric Meindl and Anthony Negron bring this action on behalf of themselves and all similarly situated current and former cell phone repair technicians of Defendants pursuant to the FLSA.

9.      Plaintiffs Eric Meindl and Anthony Negron bring this action on behalf of themselves and all similarly situated current and former cell phone repair technicians of Defendants for violations of New York Labor Law §§ 191, 193, 195(1); and 195(3).

## JURISDICTION & VENUE

10.     Jurisdiction of the Court over this controversy is based upon 29 U.S.C. § 201, *et seq*., 28 U.S.C. §§ 1331 and 1337 and the doctrine of supplemental jurisdiction pursuant to 28 U.S.C. § 1367.

11.     This Court has jurisdiction over all state law claims brought in this action pursuant to 28 U.S.C. § 1367.

12.     The corporate defendants are registered to do business in New York State and Florida, and upon information and belief have around 26 business locations in Kings County, Queens County, Nassau County, and Suffolk County.

13.     Upon Information and belief, the two individual defendants are residents of Suffolk County.

14.     Accordingly, this action properly lies in the Eastern District of New York, pursuant to 28 U.S.C. § 1391.

## THE PARTIES

### *Plaintiff Eric Meindl*

15.     Plaintiff Eric Meindl is an individual who resides in Huntington, New York.

16.     At all times relevant to the Complaint, Eric Meindl was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

17.     At all times relevant, Eric Meindl was employed by Defendants as a cell phone repair technician.

18.     Eric Meindl expressed his consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (See Exhibit A).

*Plaintiff Anthony Negron*

19.     Plaintiff Anthony Negron is an individual who resides in Huntington Station, New York.

20.     At all times relevant to the Complaint, Anthony Negron was an "employee" within the meaning of Section 3(e) of the FLSA, 29 U.S.C. § 203(e), and N.Y. Lab. Law § 190(2).

21.     At all times relevant, Anthony Negron was employed by Defendants as a cell phone repair technician.

22.     Anthony Negron expressed his consent to make these claims against Defendants by filing a written consent form, pursuant to 29 U.S.C. § 216(b).  (See Exhibit A).

*Defendant Mobility Center, Inc.*

23.     Upon information and belief, Defendant Mobility Center, Inc. ("Mobility Center") is a New York corporation registered to do business in the State of New York.

24.     Defendant Mobility Center was and still is doing business as I Fix Screens.

25.     Upon information and belief, Defendant Mobility Center maintains its principle place of business at 3205 Middle Country Road, Lake Grove, NY 11755

26.     At all times hereinafter mentioned, Defendant Mobility Center was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

27.     At all times hereinafter mentioned, the activities of Defendant Mobility Center constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

28.    Upon information and belief, Defendant Mobility Center maintains control, oversight, and direction over their operations and employment practices.

29.    At all times hereinafter mentioned, Defendant Mobility Center employed employees, including Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

30.    Defendant Mobility Center's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

31.    At all relevant times, Defendant Mobility Center maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

32.    Defendant Mobility Center applies the same employment policies, practices, and procedures to all those employed in the State of New York, including policies, practices, and procedures with respect to payment of minimum wage, deductions, and overtime compensation.

*Defendant Izzmatic Innovations, LLC*

33.    Upon information and belief, Defendant Izzmatic Innovations, LLC ("Izzmatic ") is a New York corporation registered to do business in the State of New York.

34.    Defendant Izzmatic was and still is doing business as I Fix Screens.

35.    Upon information and belief, Defendant Izzmatic maintained its principle place of business at 42 Jericho Turnpike, Commack, NY 11725.

36.    Upon information and belief, Defendant Izzmatic currently maintains its principle place of business at 6166A Jericho Turnpike, Commack, NY 11725.

5

37.     At all times hereinafter mentioned, Defendant Izzmatic was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

38.     At all times hereinafter mentioned, the activities of Defendant Izzmatic constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

39.     Upon information and belief, Defendant Izzmatic maintains control, oversight, and direction over their operations and employment practices.

40.     At all times hereinafter mentioned, Defendant Izzmatic employed employees, including Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

41.     Defendant Izzmatic's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

42.     At all relevant times, Defendant Izzmatic maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

43.     Defendant Izzmatic applies the same employment policies, practices, and procedures to all those employed in the State of New York, including policies, practices, and procedures with respect to payment of minimum wage, deductions, and overtime compensation.

***Defendant I Fix Screens Astoria Blvd, LLC***

44.     Upon information and belief, Defendant I Fix Screens Astoria Blvd, LLC is a New York corporation registered to do business in the State of New York.

45.     Defendant I Fix Screens Astoria Blvd, LLC was and still is doing business as I Fix Screens.

46.     Upon information and belief, Defendant I Fix Screens Astoria Blvd, LLC maintains its principle place of business at 3015 Astoria Boulevard, Astoria, NY 11102.

47.     At all times hereinafter mentioned, Defendant I Fix Screens Astoria Blvd, LLC was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

48.     At all times hereinafter mentioned, the activities of Defendant I Fix Screens Astoria Blvd, LLC constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

49.     Upon information and belief, Defendant I Fix Screens Astoria Blvd, LLC maintains control, oversight, and direction over their operations and employment practices.

50.     At all times hereinafter mentioned, Defendant I Fix Screens Astoria Blvd, LLC employed employees, including Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

51.     Defendant I Fix Screens Astoria Blvd, LLC's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

52.     At all relevant times, Defendant I Fix Screens Astoria Blvd, LLC maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

53.     Defendant I Fix Screens Astoria Blvd, LLC applies the same employment policies, practices, and procedures to all those employed in the State of New York, including policies, practices, and procedures with respect to payment of minimum wage, deductions, and overtime compensation.

***Defendant I Fix Screens Great Neck, LLC***

54.     Upon information and belief, Defendant I Fix Screens Great Neck, LLC is a New York corporation registered to do business in the State of New York.

55.     Defendant I Fix Screens Great Neck, LLC was and still is doing business as I Fix Screens.

56.     Upon information and belief, Defendant I Fix Screens Great Neck, LLC maintains its principle place of business at 4B South Station Plaza, Great Neck, NY 11021.

57.     At all times hereinafter mentioned, Defendant I Fix Screens Great Neck, LLC was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

58.     At all times hereinafter mentioned, the activities of Defendant I Fix Screens Great Neck, LLC constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

59.     Upon information and belief, Defendant I Fix Screens Great Neck, LLC maintains control, oversight, and direction over their operations and employment practices.

60. At all times hereinafter mentioned, Defendant I Fix Screens Great Neck, LLC employed employees, including Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

61. Defendant I Fix Screens Great Neck, LLC's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

62. At all relevant times, Defendant I Fix Screens Great Neck, LLC maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

63. Defendant I Fix Screens Great Neck, LLC applies the same employment policies, practices, and procedures to all those employed in the State of New York, including policies, practices, and procedures with respect to payment of minimum wage, deductions, and overtime compensation.

### Defendant I Fix Screens NYC, LLC

64. Upon information and belief, Defendant I Fix Screens NYC, LLC is a New York corporation registered to do business in the State of New York.

65. Defendant I Fix Screens NYC, LLC was and still is doing business as I Fix Screens.

66. Upon information and belief, Defendant I Fix Screens NYC, LLC maintains locations at 1885 Victory Blvd, Staten Island, NY 10314; 2655 Richmond Avenue, Staten Island, NY 10314; and 399 Avenue P, Brooklyn, NY 11208.

67.    At all times hereinafter mentioned, Defendant I Fix Screens NYC, LLC was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

68.    At all times hereinafter mentioned, the activities of Defendant I Fix Screens NYC, LLC constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

69.    Upon information and belief, Defendant I Fix Screens NYC, LLC maintains control, oversight, and direction over their operations and employment practices.

70.    At all times hereinafter mentioned, Defendant I Fix Screens NYC, LLC employed employees, including Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

71.    Defendant I Fix Screens NYC, LLC's annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

72.    At all relevant times, Defendant I Fix Screens NYC, LLC maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

73.    Defendant I Fix Screens NYC, LLC applies the same employment policies, practices, and procedures to all those employed in the State of New York, including policies, practices, and procedures with respect to payment of minimum wage, deductions, and overtime compensation.

***Defendant I Fix Screens Florida, Inc.***

74.     Upon information and belief, Defendant I Fix Screens Florida, Inc. is a Florida corporation registered to do business in Florida, with its principle place of business New York.

75.     Defendant I Fix Screens Florida, Inc. was and still is doing business as I Fix Screens.

76.     Upon information and belief, Defendant I Fix Screens Florida, Inc.'s principle place of business is 3205 Middle Country Road, Lake Grove, NY 11755.

77.     At all times hereinafter mentioned, Defendant I Fix Screens Florida, Inc. was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

78.     At all times hereinafter mentioned, the activities of Defendant I Fix Screens Florida, Inc. constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

79.     Upon information and belief, Defendant I Fix Screens Florida, Inc. maintains control, oversight, and direction over their operations and employment practices.

80.     At all times hereinafter mentioned, Defendant I Fix Screens Florida, Inc. employed employees, including Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

81.     Defendant I Fix Screens Florida, Inc.'s annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

11

82.     At all relevant times, Defendant I Fix Screens Florida, Inc. maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

83.     Defendant I Fix Screens Florida, Inc. applies the same employment policies, practices, and procedures to all those employed in the State of Florida, including policies, practices, and procedures with respect to payment of minimum wage, deductions, and overtime compensation.

***The Corporate Defendants***

84.     The Corporate Defendants constitute a unified operation.

85.     The Corporate Defendants constitute a common enterprise.

86.     The Corporate Defendants have interrelated operations.

87.     The Corporate Defendants have common management.

88.     The Corporate Defendants have a centralized control of labor relations.

89.     The Corporate Defendants have common ownership.

90.     The Corporate Defendants all do business as I Fix Screens.

91.     The Corporate Defendants share employees, such as Plaintiffs.

92.     The Corporate Defendants share the same physical addresses in the State of New York.

93.     The Corporate Defendants advertise their locations as a single integrated enterprise on Defendants' website at:  http://www.ifixscreens.com/about-us/locations/ (last accessed Oct. 14, 2016).

94.     The Corporate Defendants constitute a single employer.

95.     The Corporate Defendants constitute an integrated enterprise.

96.     The Corporate Defendants annual gross volume of business is not less than $500,000 within the meaning of 29 U.S.C. § 203(s)(A)(ii).

97.     At all times hereinafter mentioned, the activities of the Corporate Defendants constituted an "enterprise" within the meaning of Section 3(r) & (s) of the FLSA, 29 U.S.C. § 203(r) & (s).

98.     At all times hereinafter mentioned, the Corporate Defendants employed employees, including Plaintiffs herein, who regularly engaged in commerce or in the production of goods for commerce or in handling, selling or otherwise working on goods and materials which have moved in or been produced for commerce within the meaning of Section 3(b), (g), (i) and (j) of the FLSA, 29 U.S.C. § 203(b), (g), (i), (j), (r) & (s).

99.     At all relevant times, the Corporate Defendants maintained control, oversight, and direction over Plaintiffs and similarly situated employees, including timekeeping, payroll and other employment practices that applied to them.

100.    The Corporate Defendants applied the same employment policies, practices, and procedures to all cell phone repair technicians throughout the State of New York and the State of Florida, including policies, practices, and procedures with respect to payment of minimum wage, deductions, and overtime compensation.

***Defendant Kamran Faisal***

101.    Upon information and belief, and at all times hereinafter mentioned, Defendant Kamran Faisal owns and/or operates the Corporate Defendants.

102.    Upon information and belief, and at all times hereinafter mentioned, Defendant Kamran Faisal is an agent of the Corporate Defendants.

103.    Upon information and belief, and at all times hereinafter mentioned, Kamran

Faisal is a manger and supervisor of the Corporate Defendants.

104. Upon information and belief, and at all times hereinafter mentioned, Defendant Kamran Faisal has the authority over personnel decisions for the Corporate Defendants.

105. Upon information and belief, and at all times hereinafter mentioned, Defendant Kamran Faisal has the authority over payroll decisions for the Corporate Defendants.

106. Upon information and belief, and at all times hereinafter mentioned, Defendant Kamran Faisal supervises employees of the Corporate Defendants.

107. Upon information and belief, and at all times hereinafter mentioned, Defendant Kamran Faisal has the authority to hire and fire employees for the Corporate Defendants.

108. Defendant Kamran Faisal has the power to make binding decisions for the Corporate Defendants.

109. Defendant Kamran Faisal has the power to transfer the assets or liabilities of the Corporate Defendants

110. Defendant Kamran Faisal has the power to declare bankruptcy on behalf of the Corporate Defendants.

111. Defendant Kamran Faisal has the power to enter into contracts on behalf of the Corporate Defendants.

112. At all times hereinafter mentioned, Defendant Kamran Faisal was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

***Defendant Abed Ziada***

113. Upon information and belief, and at all times hereinafter mentioned, Defendant Abed Ziada owns and/or operates the Corporate Defendants.

14

114.    Upon information and belief, and at all times hereinafter mentioned, Defendant Abed Ziada is an agent of the Corporate Defendants.

115.    Upon information and belief, and at all times hereinafter mentioned, Abed Ziada is a manger and supervisor of the Corporate Defendants.

116.    Upon information and belief, and at all times hereinafter mentioned, Defendant Abed Ziada has the authority over personnel decisions for the Corporate Defendants.

117.    Upon information and belief, and at all times hereinafter mentioned, Defendant Abed Ziada has the authority over payroll decisions for the Corporate Defendants.

118.    Upon information and belief, and at all times hereinafter mentioned, Defendant Abed Ziada supervises employees of the Corporate Defendants.

119.    Upon information and belief, and at all times hereinafter mentioned, Defendant Abed Ziada has the authority to hire and fire employees for the Corporate Defendants.

120.    Defendant Abed Ziada has the power to make binding decisions for the Corporate Defendants.

121.    Defendant Abed Ziada has the power to transfer the assets or liabilities of the Corporate Defendants

122.    Defendant Abed Ziada has the power to declare bankruptcy on behalf of the Corporate Defendants.

123.    Defendant Abed Ziada has the power to enter into contracts on behalf of the Corporate Defendants.

124.    At all times hereinafter mentioned, Defendant Abed Ziada was and still is an "employer" within the meaning of Section 3(d) of the FLSA, 29 U.S.C. § 203(d), and N.Y. Lab. Law § 190(3).

## FLSA COLLECTIVE ACTION CLAIMS

125.    Plaintiffs bring the First Cause of Action, pursuant to the FLSA, 29 U.S.C. § 216(b), on behalf of themselves and all similarly situated persons who work or have worked for Defendants as a cell phone repair technician within the last 3 years and who elect to opt-in to this action.

126.    Upon information and belief, there are approximately 90 current and former cell phone repair technicians that are similarly situated to Plaintiffs who were denied overtime compensation.

127.    Plaintiffs represent other cell phone repair technicians, and are acting on behalf of Defendants' current and former cell phone repair technicians' interests as well as their own interests in bringing this action.

128.    Defendants unlawfully required Plaintiffs and all individuals employed as cell phone repair technicians to work in excess of 40 hours per week without paying them overtime compensation at a rate of at least 1 and ½ times their regular hourly rate.

129.    Plaintiffs seek to proceed as a collective action with regard to the First Cause of Action, pursuant to 29 U.S.C. § 216(b) on behalf of themselves and the following class of persons:

> All cell phone repair technicians who are currently or have been employed by Defendants at any time during the 3 years prior to the filing of their respective consent forms (hereinafter, the "FLSA Collective").

130.    Defendants were aware or should have been aware that the law required it to pay non-exempt employees, including Plaintiffs and the FLSA Collective, an overtime premium of 1 and ½ times their regular rate of pay for all work-hours Defendant suffered or permitted them to work in excess of 40 per workweek.  Upon information and belief, Defendants applied the same

16

unlawful policies and practices to their cell phone repair technicians throughout the State of New York and the State of Florida.

131.    The FLSA Collective is readily identifiable and locatable through the use of Defendants' records.  The FLSA Collective should be notified of and allowed to opt-in to this action, pursuant to 29 U.S.C. § 216(b).  Unless the Court promptly issues such a notice, the FLSA Collective, who have been unlawfully deprived of overtime pay in violation of the FLSA, will be unable to secure compensation to which they are entitled, and which has been unlawfully withheld from them by Defendants.

## FEDERAL RULE OF CIVIL PROCEDURE RULE 23
## NEW YORK CLASS ALLEGATIONS

132.    Plaintiffs bring the Second, Third, Fourth, and Fifth Causes of Action on their own behalf and as a class action, pursuant to Fed R. Civ. P. 23(a) and (b), on behalf of the following class of persons:

> All cell phone repair technicians who are currently, or have been employed by Defendants, in the State of New York at any time during the prior 6 years, to the entry of the judgment in the case (hereinafter, the "New York Class").

133.    The persons in the New York Class are so numerous that joinder of all members is impracticable.  Although, the precise number of such persons is unknown, and facts on which the calculation of that number can be based are presently within the sole control of Defendants.

134.    Upon information and belief, the size of the New York Class is at least 40 individuals.

135.    The Second, Third, Fourth, and Fifth Causes of Action are properly maintainable as a class action under Fed. R. Civ. Pro. 23(b)(3).  There are questions of law and fact common to the New York Class that predominate over any questions solely affecting individual members of the New York Class, including but not limited to:

    a.  whether Defendants failed to keep accurate time records for all hours worked by the New York Class Representatives and the New York Class;

    b.  whether Defendants failed to pay proper compensation to New York Class Representatives and the New York Class for all work-hours in excess of 40 per workweek in violation of and within the meaning of the N.Y. Lab. Law § 190;

    c.  whether Defendants failed to pay proper compensation to New York Class Representatives and the New York Class for all hours worked in violation of N.Y. Lab. Law §191;

    d.  whether Defendants unlawful deducted wages from the New York Class Representatives and the New York class in violation of N.Y. Lab. Law § 193;

    e.  whether Defendants failed to furnish the New York Class Representatives and New York Class with an accurate statement of, *inter alia*, wages, hours worked, and rates paid as required by N.Y. Lab. Law § 195;

    f.  the nature and extent of New York Class-wide injury and the appropriate measure of damages sustained by the New York Class Representatives and the New York Class;

    g.  whether Defendants acted willfully or with reckless disregarding in its failure to pay the New York Class Representatives and the New York Class; and

    h.  the nature and extent of class-wide injury and the measure of damages for those injuries.

136.    The New York Class Representatives fairly and adequately protect the interests of the New York Class and have no interests antagonistic to the class.  The named Plaintiffs are represented by attorneys who are experienced and competent in both class litigation and employment litigation.

137.    Further, the New York Class Representatives and the New York Class have been equally affected by Defendants' failure to pay proper wages.  Moreover, members of the New York Class still employed by Defendants may be reluctant to raise individual claims for fear of retaliation.

138.    Defendants have acted or refused to act on grounds generally applicable to the New York Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the class as a whole.

139.    Plaintiffs' claims are typical of those of the New York Class.  Plaintiffs and the other New York Class members were subjected to Defendants' policies, practices, programs, procedures, protocols and plans alleged herein concerning the failure to pay proper wages and the failure to keep adequate records.  Plaintiffs' job duties are typical of those of the class members.

140.    A class action is superior to other available methods for the fair and efficient adjudication of this litigation – particularly in the context of wage litigation like the present action, where individual plaintiffs may lack the financial resources to vigorously prosecute a lawsuit in federal court against a corporate defendant.  The members of the New York Class have been damaged and are entitled to recovery as a result of Defendants' common and uniform policies, practices, and procedures.  Although the relative damages suffered by individual members of the New York Class are not *de minimis*, such damages are small compared to the expense and burden of individual prosecution of this litigation.  In addition, class treatment is superior because it will obviate the need for unduly duplicative litigation that might result in inconsistent judgments about Defendants' practices.

## CLASS-WIDE FACTUAL ALLEGATIONS

141.    Plaintiffs and the members of the FLSA Collective and New York Class (collectively, "Class Members") are victims of Defendants' common policy and plan that violated their rights under the FLSA and the NYLL by failing to pay proper compensation for all hours worked including mandatory meetings and trainings; failing to properly compensate at the proper overtime rate for all hours over forty worked per workweek; and unlawfully deducting

wages from employees as for disciplinary infractions. At all times relevant, Defendants' unlawful policy and pattern or practice has been willful.

142.    Plaintiffs and class members worked at Defendants' kiosks and stores repairing cell phones for the company's customers in New York.

143.    When cell phone repair technicians are hired by Defendants they are required to complete a few days of training.

144.    Upon information and belief, employee training consisted of employees are working full shifts at a store or kiosk without any payment of wages.

145.    Defendants hold mandatory business meetings that all employees are required to attend even if they are not scheduled to work.

146.    These mandatory meetings are held several times a month and typically last anywhere from an hour to three hours.

147.    Employees from many different locations of I Fix Screen stores and kiosks are required to attend these meetings.

148.    Upon information and belief, Plaintiffs and class members were not paid for time traveling to and attending the mandatory meetings.

149.    Upon information and belief, Defendants' had a company policy of deducting from Plaintiffs and class members' wages when they violated a company policy or a manager felt that his or she needed to be disciplined.

150.    Upon information and belief, Plaintiffs and class members' wages were deducted for infractions such as: having a dusty booth, having their feet up, failing to lock the cash drawer, and having earphones in their ears.

151.    Defendants also failed to compensate Plaintiffs and class members for all hours they worked over forty hours per workweek.

152.    Upon information and belief, Defendants regularly paid their employees on personal checks.

153.    As part of its regular business practice, Defendants intentionally, willfully, and repeatedly engaged in a pattern, practice, and/or policy that violates the FLSA and/or NYLL. Defendants' policy and pattern or practice includes, but is not limited to:

     a.   Willfully failing to record all of the time that its employees, including Plaintiffs and class members, worked for the benefit of Defendant;

     b.   Willfully failing to keep payroll records as required by the FLSA and NYLL;

     c.   Willfully requiring Plaintiffs and class members to attend mandatory meetings and trainings off-the-clock;

     d.   Willfully failing to pay its employees, including Plaintiffs and class members, wages for all of the hours that they worked;

     e.   Willfully failing to pay its employees, including Plaintiffs and class members, overtime wages for all of the hours that they worked in excess of 40 per workweek; and

     f.   Willfully deducting wages from employees for disciplinary infractions.

154.    Defendants were or should have been aware that the FLSA and NYLL required it to pay its cell phone repair technicians overtime pay for all hours worked in excess of 40 per week.

155.    Defendants' failure to pay Plaintiffs and class members overtime wages for their work in excess of 40 hours per week was willful, intentional, and in bad faith.

156.    Defendants were or should have been aware that the NYLL required it to pay its cell phone repair technicians for all hours worked in up to and including 40 per week.

157.     Defendants' failure to pay Plaintiffs and class members wages for all of their work up to and including 40 hours per week was willful, intentional, and in bad faith.

158.     Defendants' deduction of Plaintiffs and class members wages was willful, intentional, and in bad faith.

159.     Defendants' unlawful conduct has been widespread, repeated, and consistent.

**PLAINTIFFS' FACTUAL ALLEGATIONS**

*Eric Meindl*

160.     Plaintiff Eric Meindl was an employee of Defendants, working under their direct supervision.

161.     Eric Meindl was employed by Defendants from in or about January 2016 to in or about March 2016 as a cell phone repair technician.

162.     While employed by Defendants, Eric Meindl's regular hourly rate was $9.00 per hour plus a small bonus for achieving certain goals such as a certain number of "likes" on social media.

163.     At all times hereinafter mentioned, Eric Meindl was required to be paid overtime pay at the statutory rate of 1 and ½ his regular rate of pay after he had worked 40 hours in a workweek.

164.     On several occasions from January 2016 to  March 2016, Eric Meindl worked over 40 hour in a workweek.

165.     Defendants failed to compensate Eric Meindl for all hours worked in excess of 40 hours per week at a rate of at least 1 and ½ times his regular rate, for all hours he worked in excess of 40 hours per work during his employment with Defendant.

22

166.    Defendants failed to compensate Eric Meindl at a rate of at least his regular hourly rate for the time spent performing off-the-clock work that was not in excess of 40 hours in a workweek.

167.    Specifically, Defendants failed to compensate Eric Meindl for time spent traveling to and attending mandatory meetings and trainings.

168.    On one occasion, Eric Meindl clocked-in for a mandatory meeting, but Defendants clocked him out, shaving time off of his pay.

169.    Eric Meindl complained about not being paid for training, and a manager named "Izzy" informed him that it was the company practice not to pay for training.

170.    Defendants threatened to and deducted from Eric Meindl's wages as a means of discipline.

171.    On or about March 16, 2016, Eric Meindl complained to a manager named Khaled (last name unknown) that Defendants' practice of deducting from employees' wages for disciplinary violations was illegal.

172.    Immediately after this complaint, another manager named "Tito" terminated Eric Meindl and informed him that they would not pay him his last check.

173.    Defendants failed to furnish Eric Meindl with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

174.    Upon information and belief, Defendants did not keep accurate records of hours worked by Eric Meindl.

*Anthony Negron*

175. Plaintiff Anthony Negron was an employee of Defendants, working under its direct supervision.

176. Anthony Negron has been employed by Defendants from in or about June 2015 to in or about May 2016 as a cell phone repair technician.

177. While employed by Defendants, Anthony Negron's regular hourly rate was around $9 or $10 an hour.

178. At all times hereinafter mentioned, Anthony Negron was required to be paid overtime pay at the statutory rate of 1 and ½ his regular rate of pay after he had worked 40 hours in a workweek.

179. From in or about June 2015 to in or about May 2016, Anthony Negron consistently worked over forty hours per workweek.

180. Defendants failed to compensate Anthony Negron for all hours worked in excess of 40 hours per week at a rate of at least 1 and ½ times his regular rate, throughout the entire term of his employment with Defendants.

181. Defendants failed to compensate Anthony Negron at a rate of at least his regular hourly rate for the time spent performing off-the-clock work that was not in excess of 40 hours in a workweek.

182. Specifically, Defendants failed to compensate Anthony Negron for time spent traveling to and attending mandatory meetings.

183. Defendants threatened to and deducted from Anthony Negron's wages as a means of discipline.

184.    Specifically, Defendants deducted from Anthony Negron's wages for infractions such as having his feet propped up on the kiosk, having a dusty booth, and not locking the money drawer.

185.    Defendants failed to furnish Anthony Negron with an accurate statement of wages listing hours worked, rates paid, gross wages, allowances and deductions taken, and net wages paid.

186.    Upon information and belief, Defendant did not keep accurate records of hours worked by Anthony Negron.

### FIRST CAUSE OF ACTION
**FLSA – Overtime Wages**
**(Brought on behalf of Plaintiffs and the FLSA Collective)**

187.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

188.    Plaintiffs and members of the FLSA Collective are non-exempt employees entitled to be paid overtime compensation for all overtime hours worked.

189.    Defendants employed Plaintiffs and members of the FLSA Collective for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of Section 7 of the FLSA, 29 U.S.C. § 207(a)(1).

190.    Plaintiffs have expressed their consent to make these claims against Defendant by filing a written consent form, pursuant to 29 U.S.C. § 216(b).

191.    Defendants failed to make a good faith effort to comply with the FLSA with respect to its compensation to Plaintiffs and the FLSA Collective.

192.    Because Defendants' violations of the FLSA were willful, a 3 year statute of limitations applies, pursuant to 29 U.S.C. § 255.

193.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the FLSA Collective incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation, together with interest, liquidated damages, attorneys' fees, and costs in an amount to be determined at trial.

### SECOND CAUSE OF ACTION
### NYLL – Unpaid Overtime
### (Brought on behalf of Plaintiffs and the members of the New York Class)

194.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

195.    Defendants employed Plaintiffs and members of the New York Class for workweeks longer than 40 hours and willfully failed to compensate Plaintiffs and the New York Class for all of the time worked in excess of 40 hours per week, at a rate of at least 1 and ½ times their regular hourly rate, in violation of the requirements of NYLL.

196.    By the course of conduct set forth above, Defendants have violated N.Y. Lab. Law § 650, *et seq.*; 12 N.Y.C.R.R. Part 142-2.2.

197.    Defendants failed to keep, make, preserve, maintain and furnish accurate records of time worked by Plaintiffs and members of the New York Class.

198.    Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiffs and the New York Class.

199.    Defendants' failure to pay overtime compensation to Plaintiffs and the New York Class was willful within the meaning of N.Y. Lab. Law § 663.

200.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the New York Class incurred damages thereby and Defendants are indebted to them in the amount of the unpaid overtime compensation and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

201.    Plaintiffs, on behalf of themselves and the New York Class, seek recovery of liquidated damages, attorneys' fees, and costs to be paid by Defendant as provided by the NYLL.

## THIRD CAUSE OF ACTION
## NYLL – Unpaid Non-Overtime Wages
## (Brought on behalf of Plaintiffs and the members of the New York Class)

202.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

203.    Plaintiff was entitled to his regular hourly wage for each hour he worked for Defendants up to and including 40 per week.

204.    Defendants employed Plaintiffs and members of the New York Class and willfully failed to compensate Plaintiffs and members of the New York Class at the regular hourly rate for the time spent performing off-the-clock work  up to and including 40 hours per week, in violation of the requirements of the NYLL, specifically N.Y. Lab. Law § 661(3).

205.    The complete records concerning the number of hours worked by Plaintiffs and members of the New York Class as well as the compensation Plaintiffs and members of the New York Class received in workweeks in which unpaid hours were worked are in the exclusive possession and control of Defendants, and as such, Plaintiff is unable to state at this time the exact amount due and owing to him.

206.    By the course of conduct set forth above, Defendants violated N.Y. Lab. Law § 650, *et seq.*

207.    Defendants failed to keep, make, preserve, maintain, and furnish accurate records of time worked by Plaintiffs and members of the New York Class.

208.    Defendants have a policy and practice of refusing to pay overtime compensation for all hours worked to Plaintiffs and members of the New York Class.

209.    Defendants' failure to pay compensation to Plaintiffs and members of the New York Class was willful within the meaning of N.Y. Lab. Law § 663.

210.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the New York Class incurred damages thereby and Defendants are indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

211.    Plaintiffs, on behalf of themselves and the New York Class, seek recovery of liquidated damages, interest, attorneys' fees, and costs to be paid by Defendant as provided by the NYLL.

## FOURTH CAUSE OF ACTION
### NYLL – Unlawful Wage Deductions
### (Brought on behalf of Plaintiffs and the members of the New York Class)

212.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

213.    Defendants knowingly, willfully, and intentionally violated N.Y. Lab. Law § 193 when Defendants deducted from employees' wages for disciplinary reasons.

214.    As a consequence of the willful underpayment of wages, alleged above, Plaintiffs and members of the New York Class incurred damages thereby and Defendants are indebted to them in the amount of the unpaid wages and such other legal and equitable relief due to Defendants' unlawful and willful conduct, as the Court deems just and proper.

215.    Plaintiffs, on behalf of themselves and the New York Class, seek recovery of liquidated damages, interest, attorneys' fees, and costs to be paid by Defendants as provided by the NYLL.

**FIFTH CAUSE OF ACTION**
**NYLL – Notice and Record-Keeping Requirement Violation**
**(Brought on behalf of Plaintiffs and the members of the New York Class)**

216.    Plaintiffs reallege and incorporate by reference all allegations in all preceding paragraphs.

217.    Defendants failed to supply Plaintiffs and members of the New York Class with an accurate statement of wages as required by N.Y. Lab. Law § 195, containing the dates of work covered by that payment of wages; name of employee; name of employer; address and phone number of employer; rate or rates of pay and basis thereof, whether paid by the hour, shift, day, week, salary, piece, commission, or other; gross wages; hourly rate or rates of pay and overtime rate or rates of pay if applicable; the number of hours worked, including overtime hours worked if applicable; deductions; and net wages.

218.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from April 9, 2011 through February 26, 2015, Plaintiffs and members of the New York Class are each entitled to damages of $100, or a total of $2,500 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

219.    Due to Defendants' violations of N.Y. Lab. Law § 195, for each workweek that Defendants failed to provide a proper wage statement from February 2, 2015, through the present Plaintiffs and members of the New York Class are each entitled to damages of $250, or a total of $5,000 per class member, as provided for by N.Y. Lab. Law § 198, reasonable attorneys' fees, costs, and injunctive and declaratory relief.

## SIXTH CAUSE OF ACTION
### FLSA – Unlawful Retaliation
### (Brought on behalf of Plaintiff Eric Meindl)

220.    Plaintiff realleges and incorporate by reference all allegations in all preceding paragraphs.

221.    Defendants unlawfully terminated Plaintiff Eric Meindl for asserting his rights under the Fair Labor Standards Act.

222.    Due to Defendant's violations of 29 U.S.C. § 215(a)(3) Plaintiff Eric Meindl is entitled to back pay, front pay, liquidated damages, interest, and attorneys' fees.

## SEVENTH CAUSE OF ACTION
### NYLL– Unlawful Retaliation
### (Brought on behalf of Plaintiff Eric Meindl)

223.    Plaintiff realleges and incorporate by reference all allegations in all preceding paragraphs.

224.    Defendants unlawfully terminated Plaintiff Meindl for asserting his rights under the New York Labor Law.

225.    Due to Defendant's violations of N.Y. Lab. Law § 215, Plaintiff Eric Meindl is entitled to back pay, front pay, liquidated damages, interest, and attorneys' fees.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiffs, on behalf of themselves and all others similarly situated, seek for the following relief:

A.      That, at the earliest possible time, Plaintiffs be allowed to give notice to the FLSA Collective, or that the Court issue such notice, to all persons who are presently, or have at any time during the 3 years immediately preceding the filing of this suit, up through and including the date of this Court's issuance of court-supervised notice, been employed by Defendants as cell phone repair

technicians, or similarly situated positions.  Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper wages;

B.     Unpaid overtime pay and an additional and equal amount as liquidated damages pursuant to the FLSA and the supporting United States Department of Labor regulations;

C.     Unpaid overtime pay and liquidated damages permitted by law pursuant to the NYLL;

D.     Unpaid non-overtime pay and liquidated damages permitted by law pursuant to the NYLL;

E.     Statutory damages, as provided for by N.Y. Lab. Law § 198, for Defendants' violations of the notice and recordkeeping requirements pursuant to N.Y. Lab. Law § 195;

F.     Certification of this case as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure;

G.     Designation of Plaintiffs as representatives of the New York Class, and counsel of record as Class Counsel;

H.     Back pay, front pay, liquidated damages, interest and attorney's fees permitted by law to Plaintiff Eric Meindl pursuant to N.Y. Lab. Law § 215.

I.     Back pay, front pay, liquidated damages, interest and attorney's fees permitted by law to Plaintiff Eric Meindl pursuant to 29 U.S.C. § 215(a).

J.     Pre-judgment interest and post-judgment interest as provided by law;

K.     Appropriate equitable and injunctive relief to remedy violations, including but not necessarily limited to an order enjoining Defendant from continuing its unlawful practices;

L.     Attorneys' fees and costs of the action;

M.     Issuance of a declaratory judgment that the practices complained of in this action are unlawful under N.Y. Lab. Law § 190, *et seq*.;

N.     An injunction requiring Defendant to cease the unlawful activity described herein pursuant to N.Y. Lab. Law § 190, *et seq*.;

O.     Reasonable incentive awards for Plaintiffs to compensate them for the time they spent attempting to recover wages for the Class and for the risks they took in doing so; and

P.     Such other relief as this Court shall deem just and proper.

Dated: Melville, New York
       October 21, 2016                           Respectfully submitted,

                                    By: */s/ Troy L. Kessler*
                                        Troy L. Kessler

                                  **SHULMAN KESSLER LLP**
                                  Troy L. Kessler
                                  Saranicole A. Duaban
                                  534 Broadhollow Road, Suite 275
                                  Melville, NY 11747
                                  Telephone: (631) 499-9100

                                  ***Attorneys for Plaintiffs and the***
                                  ***Putative FLSA Collective and***
                                  ***New York Class***