

February 17, 2017

**Via ECF**
Hon. Gary R. Brown, U.S.M.J.
United States District Court
Eastern District of New York
100 Federal Plaza
Central Islip, New York 11722

      Re:    *Meindl v. Mobility Center, Inc. et. al.*
              Case No. 16 Civ. 5894 (JMA) (GRB)

Dear Judge Brown:

      We represent Plaintiffs and the putative collective and class actions in the above-referenced matter. Pursuant to 29 U.S.C. § 216(b), Plaintiffs seek an order: (1) conditionally certify this matter as a collective action; (2) requiring Defendants to provide the names and contact information for the putative collective members employed from October 24, 2010 through the present; and (3) requiring Defendants to post and Plaintiffs to circulate a Notice of Pendency and Consent to Join form to all similarly situated individuals by electronic and first class mail. Because Your Honor has "the authority to grant conditional certification," *Bijoux v. Amerigroup New York, LLC*, No. 14 Civ. 3891, 2015 WL 5444944, at *13 (E.D.N.Y. Sept. 15, 2015), we submit this letter motion pursuant to Rule 3(B) of Your Honor's Individual Motion Practices. Counsel has made a good faith effort to resolve this motion without Your Honor's intervention; but, Defendants did not consent to the relief request herein.

      Plaintiffs allege that Defendants failed to pay overtime and minimum wages to their employees, in violation of the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.* ("FLSA") and New York Labor Law ("NYLL"). *See* ECF No. 20 (Am. Compl.) ¶¶ 133, 134, 137, 138. While employed by Defendants, Plaintiffs worked over 40 hours per week without receiving overtime pay and did not receive the minimum wage for all hours worked. *See* Decl. of Eric Meindl, Feb. 14, 2017 ("Ex. C") ¶¶ 12-20; Decl. of Anthony Negron, Feb. 15, 2017 ("Ex. D") ¶¶ 10-14. To serve the FLSA's "broad remedial purpose," courts conditionally certify a collective action and order notice to be sent to other potential "similarly situated" employees, so they can opt-in to the case. *See,* e.*g.*, *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 172 (1989).

      In this Circuit, courts use a two-step method to certification. *See Myers v. Hertz Corp.*, 624 F.3d 537, 544 (2d Cir. 2010). In step one, courts look to the pleadings and declarations to decide if the potential opt-ins are "similarly situated" to the plaintiff, under a lenient evidentiary standard. *Avila v. Northport Car Wash, Inc.,* 774 F. Supp. 2d 450, 454 (E.D.N.Y. 2011). Employees are similarly situated if they "were victims of a common policy or plan that violated the law." *Puglisi v. TD Bank, N.A.*, 998 F. Supp. 2d 95, 99 (E.D.N.Y. 2014) (Brown, Mag.) (citations omitted). If the Court finds the prospective opt-ins to be similarly situated to the plaintiff, "it conditionally certifies the class and permits notice to be sent to putative class

Hon. Gary R. Brown, U.S.M.J.
Re: *Meindl v. Mobility Center, Inc., et al.*
February 17, 2017
Page 2 of 3

members." *Id*. At step two, after discovery, a court can determine whether the plaintiffs are "in-fact" similarly situated. *Myers*, 624 F.3d at 555.

Presently, the Court only needs to engage in the step one analysis. Plaintiffs' burden is "extraordinarily low" at this stage. *Puglisi*, 998 F. Supp. 2d at 101. Courts "routinely grant such motions based on employee affidavits setting forth a defendant's plan or scheme to not pay overtime compensation and identifying by name similarly situated employees." *Rivera v. Harvest Bakery*, No. 13 Civ. 691, 2014 WL 3611831, *4 (E.D.N.Y. July 7, 2014) (Brown, Mag.). A policy that requires employees to work overtime without compensation constitutes a common policy or plan that violates the FLSA. *See Alvarez v. IBM Rests., Inc.*, 839 F. Supp. 2d 580, 585-86 (E.D.N.Y. 2012).

Defendants had a policy and practice of not providing overtime pay for all hours worked over 40 in a workweek, and minimum wages for all hours worked. *See* Ex. C ¶¶ 15-16, 18-21, 24-28; Ex. D ¶¶ 10-11, 13-14, 19-20. Plaintiffs also specifically name former coworkers whom Plaintiffs (a) witnessed being scheduled for and actually working over 40 hours a week and (b) discussed working without being paid the minimum wage or overtime pay. *See* Ex. C ¶¶ 41-46; Ex. D ¶¶ 32-37. These declarations establish that Plaintiffs and their former coworkers are "similarly situated" because they were subjected to a common plan that violated the FLSA.

Plaintiffs' declarations reference documentary evidence of Defendants' unlawful policies and practices. Specifically, Plaintiff Meindl references a check and his contemporaneous time record that demonstrates he was only paid $100 for 32 hours of work (equating to a rate of $3.13 per hour). *See* Ex. A (Izzmatic Check). Plaintiff Negron has provided his check and timesheets which demonstrate he was only paid $733.19 for 94.16 hours of work (equating to a rate of $.79 per hour). *See* Ex. B (Negron Timesheet and Check). These records alone demonstrate that Defendants violated the FLSA.

Whether Defendants are joint employers engaged in a common enterprise is irrelevant at this stage. *See Cruz v. Ham N Eggery Inc.*, No. 15 Civ. 3228, 2016 WL 4186967, at *3 (E.D.N.Y. Aug. 8, 2016) ("reject[ing] defendants' contention that they are not joint employers as a basis for denying plaintiffs' motion."). Because at the first step, the Court "does not resolve factual disputes, decide substantive issues going to the ultimate merits." *Barbato v. Knightsbridge Properties*, No. 14 Civ. 7043, 2015 WL 5884134, at *3 (E.D.N.Y. Oct. 8, 2015). Even so, Plaintiffs' declarations provide evidence of Defendants' common enterprise, including facts supporting common ownership, centralized labor relations, and policies. *See* Ex. C ¶¶ 24-25, 38-40; Ex. D ¶¶ 16-17, 31.

The Court should authorize a Notice of Pendency and Consent to Join form to be sent as soon as possible (*See* Proposed Notices of Pendency and Consent to Join Form, Ex. E) because FLSA's statute of limitations is not tolled by the filing of a collective action complaint, it is only tolled when each employee files a consent form. *See, e.g.*, *Hoffmann v. Sbarro,* 982 F. Supp.

Hon. Gary R. Brown, U.S.M.J.
Re: *Meindl v. Mobility Center, Inc., et al.*
February 17, 2017
Page 3 of 3

249, 260 (S.D.N.Y. 1997) (Sotomayor, J.). Fear of retaliation, however, tends to dissuade workers from filing a timely claim. *See*, *e.g.*, *Calderon v. King Umberto, Inc.*, 892 F. Supp. 2d 456, 460 (E.D.N.Y. 2012). Here, Defendants retaliated against Meindl for complaining about wage violations. *See* Ex. C ¶¶ 47, 48. Early conditional certification serves the dual purpose of quelling the fear that Defendants will retaliate against employees asserting their FLSA rights, and protecting uninformed putative opt-ins' claims from expiring.

We request that Defendants provide the names, last known mailing addresses, and e-mail addresses of potential class members employed by Defendants from October 24, 2010 through the present. This kind of request is often granted in connection with conditional certification of FLSA collective action. *Puglisi*, 998 F. Supp. 2d at 102 (E.D.N.Y. 2014). Though the FLSA only provides for a three-year statute of limitations where the violation is willful, where, as here, Plaintiffs assert state law claims, "it promotes judicial economy to send notice of the lawsuit to all potential plaintiffs at the same time." *Rivera*, 2014 WL 3611831, at *4 (citations omitted). Thus, notice should be sent to putative class members employed by Defendants in the last six years. *See id.*

The Court should authorize the Notice of Pendency and Consent to Join Form be circulated by first class mail and via email. *See, e.g.*, *Hernandez v. Merrill Lynch & Co., Inc.*, No. 11 Civ. 8472, 2012 WL 1193836, at *7 (S.D.N.Y. Apr. 6, 2012) ("in this day of electronic communication, courts have authorized defendants to provide email address[es] as well" (collecting cases)); *Vasto v. Credico (USA) LLC*, No. 15 Civ. 9298, 2016 WL 2658172, at *16 (S.D.N.Y. May 5, 2016) (same). "Courts in this Circuit routinely approve email distribution of notice and consent forms in FLSA cases." *Martin v. Sprint/united Mgt. Co.*, No. 15 Civ. 5237, 2016 WL 30334, at *19 (S.D.N.Y. Jan. 4, 2016) (collecting cases). Defendants should be ordered to produce potential class members' emails and the Court should approve Plaintiffs' Proposed Email Notice. *See* Ex. F.

In addition, Plaintiffs request that the Notices of Pendency and Consent to Join form be posted in a conspicuous location at Defendants' places of business. *See Rivera*, 2014 WL 3611831, at *4 (citing *Garcia v. Pancho Villa's of Huntington Vill., Inc.*, 678 F. Supp. 2d 89, 96 (E.D.N.Y. 2010) (posting notices of pendency "routinely approved in other cases")).

Thank you for Your Honor's anticipated consideration of this matter.

                                          Respectfully submitted,

                                          /s/ Troy L. Kessler
                                          Troy L. Kessler